## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  16-cr-00054-WJM-03

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MERCEDES DIAZ,

        Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Martha A. Paluch, Assistant

United States Attorney, and Daniel E. Burrows, Special Assistant U.S. Attorney for the

District of Colorado, and the Defendant, Mercedes Diaz, personally and by counsel,

Siddhartha H. Rathod, hereby submit the following Plea Agreement and Statement of

Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I.     PLEA AGREEMENT

The defendant agrees to plead guilty to Count 1 of the Indictment, charging a

violation of 18 U.S.C. § 286, Conspiracy to Defraud the Government with Respect to

Claims.  The defendant agrees to the appellate waiver, set forth fully below.  The

defendant agrees to pay restitution payable to the United States Department of

Education and to a number of community colleges, the names and amounts of which

will be specified by the government prior to sentencing, which amount will not exceed



$563,074.85. The defendant also admits the forfeiture allegation as set forth in the Indictment and agrees that the forfeiture described therein is not excessive.

In exchange, the United States Attorney's Office for the District of Colorado ("the government") agrees to move at sentencing for dismissal of the remaining counts in the Indictment against this defendant only. The government also agrees to not file any additional charges against the defendant based on the information presently known to the government.

Provided the defendant does nothing inconsistent with accepting responsibility between the date of her plea and the date of sentencing, the government will recommend that the defendant receive the maximum reduction for acceptance of responsibility.

The government agrees with the defendant that she should receive a two-level decrease for a minor role participant pursuant to §3B1.2(b).

The government will determine its position with respect to any argument that the defendant advances in support of a sentence at variance with a sentence within the applicable sentencing guideline range, and will take a position with respect to such arguments, at the time of sentencing. At minimum, the government agrees it will not seek a sentence above the bottom of the applicable guideline range.

This agreement is submitted to the Court for its consideration pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding

this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 17; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II.   ELEMENTS OF THE OFFENSE

In order to be convicted of a violation of 18 U.S.C. § 286, Conspiracy to Defraud the Government with Respect to Claims, the following elements would have to be proven by the government beyond a reasonable doubt:

First, the defendant agreed with at least one other person to obtain or aid in obtaining the payment or allowance of any false, fictitious, or fraudulent claim;

Second, the defendant knew the essential objective of the conspiracy;

Third, the defendant knowingly and voluntarily participated; and

Fourth, there was interdependence among the members of the conspiracy; that is,

the members, in some way or manner, intended to act together for their shared mutual

benefit within the scope of the conspiracy charged.

*Tenth Circuit Pattern Jury Instructions (Criminal Cases)*, § 2.19 (2011 ed.) (modified for § 286 and to remove overt act requirement); *United States v. Dedman*, 527 F.3d 577, 594 n.7 (6th Cir. 2008) (holding that § 286 has no overt act requirement); *United States v. Lanier*, 920 F.2d 887, 892 (11th Cir. 1991) (same).

## I.     STATUTORY PENALTIES

The maximum statutory penalty for a conviction of Title 18, United States Code,

Section  286, is as follows: not more than 10 years of imprisonment; a fine of not more

than $250,000.00, or both; not more than 3 years of supervised release; and a $100.00

special assessment fee. If probation or supervised release is imposed, a violation of any

condition of probation or supervised release may result in a separate prison sentence

and additional supervision.

## II.     COLLATERAL CONSEQUENCES

The conviction may further cause the loss of certain civil rights, including, but not

limited to, the right to possess a firearm, vote, hold elected office, and sit on a jury.

## III.     STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the

defendant will tender pursuant to this plea agreement. That basis is set forth below.

Because the Court must, as part of its sentencing methodology, compute the advisory

-4-

guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began was in August 2010.

The United States Department of Education (the Department) is an agency of the United States government. The Department's responsibilities include overseeing the administration of federal student assistance programs, including financial aid programs designed to assist qualified students with paying for college.

Beginning in approximately August 2010, and continuing until approximately October 2012, in the State and District of Colorado and elsewhere, the defendant and her co-defendants Heather Carr and Trammel Thomas, knowingly agreed and conspired with each other to defraud the Department by submitting false claims for federal student aid to the Department and in fact did receive payment on certain of these false claims from the Department and shared in the proceeds.

The conspiracy was accomplished, in part, through the following manner and means:

The defendant was aware that her co-defendants obtained names, birth dates, and social security numbers of inmates and used this information to apply for federal student assistance funds in the names of these inmates (purported applicants or students). These applications for federal student assistance funds contained materially false representations about the identity of the person submitting the application and the purported applicant's intent to attend educational institutions. These false representations supported improper determinations by the Department that the purported applicants were eligible to receive federal student assistance funds when they were not.

The defendant agreed to receive mail in the names of purported students at her place of residence. The defendant also rented commercial mailbox addresses in the name of another person, J.C., and received mail for purported students at those addresses as well. The defendant then provided the mail she received related to the scheme to her co-defendants and was paid for doing so. In November of 2012, the defendant was arrested in Arizona on an unrelated felony warrant. On her person was a driver's license in the name of J.C., which license had been used to rent several commercial mailboxes referenced above. Also found during the search of the defendant's car were handwritten notes containing personal identifying information from various purported students as well as some of those purported students' community college email addresses. In addition, the defendant's fingerprints were found on community college documents found during the search of her co-defendants' residence.

During the course of the conspiracy, the defendant and her co-defendants were involved in submitting over 150 false FASFAs to the Department seeking approximately $1.3 million in federal financial aid funds. The Department disbursed over $550,000 as a result of the defendant's and her co-defendants' false claims. Of this amount, the

defendant and her co-defendants received over $240,000 in refunds deposited in purported student accounts and on debit cards and they shared in these proceeds.

## IV.   SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.   The base offense level is 6 pursuant to § 2B1.1(a)(2).

B.   There is a 14 level increase pursuant to § 2B1.1(b)(1)(H) (loss of more than $550,000 but less than $1,500,000).

C.   There is a two-level increase for using a means of identification (the personal identifying information) to obtain another means of identification (the student ID numbers and debit cards), pursuant to § 2B1.1(b)(11)(C)(i)-(ii).

C.   The parties agree the defendant should receive a two-level decrease for a minor role participant pursuant to §3B1.2(b).

D.   The adjusted offense level is therefore 20.

F.   Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility between the date of her plea and the date of

sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility. The resulting total offense level would be 17.

G.     The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is ultimately determined by the Court. The information known to the parties shows that the defendant has prior criminal history.  The defendant's criminal history category is tentatively estimated to be Category III.

H.     Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

I.     The guideline range resulting from the government's estimated total offense level of 17, and the tentative Criminal History Category III, is 30-37 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level could conceivably result in a range from 24 months (bottom of Category I) to 63 months (top of Category VI).

J.     Pursuant to guideline §5E1.2, assuming the parties' estimated offense level of 17 is accurate, the fine range for this offense would be between $10,000 and $95,000, plus applicable interest and penalties.

K.     Pursuant to §5D1.2(a)(2), if the court imposes a term of supervised release, that term shall be at least one but not more than three years.

L.     The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

M.   The defendant agrees to pay restitution to the United States Department of Education and to a number of community colleges, the names and amounts of which will be specified by the government prior to sentencing, but which amount will not exceed $563,074.85.

N.   The defendant agrees that an order of forfeiture shall issue in the form of a money judgment in an amount not to exceed $563,074.85

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

## V.   ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date:  8/12/16 _____    _____  10·7·16
                                   Mercedes Diaz
                                   Defendant


Date:  8/12/16 _____    _____  10/7/16
                                   Siddhartha H. Rathod
                                   Attorney for Defendant


Date:  10/7/16 _____    _____
                                   Martha A. Paluch
                                   Assistant U.S. Attorney


Date: _____     _____
                                   Daniel E. Burrows
                                   Special Assistant U.S. Attorney

-10-