1

```
1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
2
   Civil Action No. 10-cr-0054-WJM
3
   UNITED STATES OF AMERICA,
4
      Plaintiff,
5
   vs.
6
   MERCEDES DIAZ,
7
      Defendant.
8
   ------------------------------------------------------------
9
                      REPORTER'S TRANSCRIPT
10                        (Change of Plea)
11 ------------------------------------------------------------
12      Proceedings before the HONORABLE WILLIAM J. MARTINEZ,
13 Judge, United States District Court for the District of
14 Colorado, commencing at 9:59 a.m., on the 7th day of
15 October, 2016, in Courtroom A801, United States Courthouse,
16 Denver, Colorado.
17
                          APPEARANCES
18
      MARTHA A. PALUCH, U.S. Attorneys Office - Denver, 1225
19 17th Street, Suite 700, Denver, Colorado 80202, appearing
   for the plaintiff.
20
      SIDDHARTHA H. RATHOD, Rathod-Mohamedbhai, LLC, 2701
21 Lawrence Street, Suite 100, Denver, Colorado 80205,
   appearing for the defendant.
22
23            MARY J. GEORGE, FCRR, CRR, RMR
              901 19th Street, Denver, Colorado 80294
24         Proceedings Reported by Mechanical Stenography
              Transcription Produced via Computer
25
```

INV_00001834

2

```
1                    P R O C E E D I N G S
2          (Call to order of the court at 9:59 a.m.)
3          THE COURT:  All right, we're on the record in 16
4    cr 54, defendant No. 3, United States of America versus
5    Mercedes Diaz.  I'll take appearances of counsel.
6          MS. PALUCH:  Good morning, Your Honor.  Martha
7    Paluch appearing on behalf of the United States.  With me
8    at counsel table is Special Agent Sandra Ennis of the
9    Department of Education.
10         THE COURT:  Good morning to the two of you.
11         SPECIAL AGENT ENNIS:  Good morning, Your Honor.
12         MR. RATHOD:  Good morning, Your Honor.  Siddhartha
13   Rathod appearing with Mercedes Diaz, who's on bond,
14   appearing to my left.
15.        THE COURT:  Good morning to the two of you.
16         THE DEFENDANT:  Good morning.
17         THE COURT:  All right.  All right, Mr. Rathod,
18   would you and your client please approach the lectern.
19         Ms. Hansen, please administer the oath to the
20   defendant.
21         COURTROOM DEPUTY:  Please raise your right hand.
22        (Defendant sworn in)
23         THE COURT:  I didn't hear your response, ma'am.
24         THE DEFENDANT:  Yes, ma'am.
25         THE COURT:  Okay.  The record reflects that Ms.
```

1    Diaz was charged by an indictment dated the 8th of

2    February, 2016.  She was arraigned on the 31st of March of

3    this year, at which time she entered a plea of not guilty

4    to Counts 1 and 20 and 21 of the indictment, and she denied

5    the criminal forfeiture allegation in that indictment.

6            On the 22d of August of this year, the defendant

7    filed with this Court a notice of disposition and she

8    requested that this matter be set for a change of plea

9    hearing.

10           According to the plea agreement reached between

11    the parties, the defendant wishes to enter a guilty plea to

12    Count 1 of the indictment charging a violation of 18 United

13    States Code Section 286.  In addition, the defendant agrees

14    to admit the forfeiture allegation in the indictment and

15    confess forfeiture of all items the Government has in its

16    possession and as to which she can make any claim.

17           I have before me Court Exhibit 1, which is the

18    plea agreement of the parties.  The document has been dated

19    and signed by the defendant, the defendant's attorney, and

20    as well as the Assistant United States Attorney.

21           Is there a reason why you signed it twice?

22           MS. PALUCH:  Your Honor, the clerk asked that we

23    have originals --

24           THE COURT:  Oh, they are all double -- I see.

25    There was a -- it was a photocopy, then each of you signed

4

1        it --

2                    MS. PALUCH:  That's correct.

3                    THE COURT:  -- in wet ink.  Okay.  Got it.

4                    MS. PALUCH:  Thank you.

5                    THE COURT:  All right.  Also before me is Court

6        Exhibit 2, Statement by Defendant in Advance of Plea of

7        Guilty.  This also has been dated and signed twice by the

8        defendant and the defendant's attorney.

9                    All right, Ms. Diaz, do you understand that you

10       are under oath and that if you answer any of my questions

11       falsely, your answers will be later used against you in a

12       separate prosecution for perjury?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  Do you understand that you have the

15       right to remain silent and not to answer any of my

16       questions?

17                   THE DEFENDANT:  Yes, sir.

18                   THE COURT:  Do you give up your right to remain

19       silent in order to answer the questions I need to ask you

20       at this hearing?

21                   THE DEFENDANT:  Yes.

22                   THE COURT:  What is your true, correct and full

23       name?

24                   THE DEFENDANT:  Mercedes Dee Diaz.

25                   THE COURT:  What's the "D" stand for?

5

1          THE DEFENDANT:  It's D-e-e.

2          THE COURT:  Oh.  Got it.  I thought it was the

3   letter D.  How old are you?

4          THE DEFENDANT:  27.

5          THE COURT:  What level of schooling have you

6   completed?

7          THE DEFENDANT:  I have some college.

8          THE COURT:  All right.  So I take it you can read

9   and write in the English language.

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Are you now under the influence of any

12   medication, drug or alcohol?

13          THE DEFENDANT:  I am -- I do take my medication.

14          THE COURT:  All right.  It's prescribed

15   medication?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Is there something about that

18   medication that causes any side effects that prevents you

19   from understanding what is happening at this hearing?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  All right.  Based on the statements of

22   the defendant and my observations, I find she is competent

23   to proceed with this hearing.

24          Now, Ms. Diaz, have you read and discussed the

25   charge to which you will be pleading guilty, with your

6

1   attorney?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand the charge to which

4   you will be pleading guilty?

5           THE DEFENDANT:  Yes.

6           THE COURT:  All right.  Mr. Rathod, will you

7   please outline for the Court the important terms of the

8   parties' plea agreement.

9           MR. RATHOD:  Yes, Your Honor.  Ms. Diaz will be

10  pleading guilty to Count 1, conspiracy to defraud the

11  Government with respect to claims.  Your Honor, the

12  Government has asked for an appeal waiver, which Ms. Diaz

13  has agreed to.  If the Court would like me to go into the

14  details --

15          THE COURT:  We'll do that a little bit later

16  because I handle that separately.

17          MR. RATHOD:  Your Honor, the parties have agreed

18  that there would be a calculation of a offense level of 17,

19  which comes from a base level of 16, plus 14 for an over

20  550,000 but less than 1.5 million, an increase of 2 for use

21  of means of identification to obtain other -- another means

22  of identification, a decrease of 3 for acceptance, and a

23  decrease of 2 for minor participation.  That gives a

24  calculation of 17.  If her Criminal History Category --

25  there is a question of whether it's a II or III.  If it's a

1   III, it's 30 to 37 months; if it's II, 27 to 33.

2          The Government has also agreed to not ask for more

3   than the bottom of each of those ranges, so 30 if it's

4   Criminal History Category III and 27 if it's Criminal

5   History Category II.

6          In addition, the Government doesn't oppose a

7   defense filing of a variant motion, and we'll review the

8   information provided to the Government in that motion.

9          THE COURT:  All right.  So there is an agreement

10  between the parties as to all the sentencing enhancements

11  as well as the reductions that you've just outlined?

12          MR. RATHOD:  Correct, Your Honor.

13          THE COURT:  Okay.  Great.  What about restitution?

14          MR. RATHOD:  Your Honor, Ms. Diaz would be jointly

15  and severally liable for restitution.  We've agreed that

16  the amount is 7 -- get the exact number here, Your Honor.

17  Sorry.  563,074.85.

18          Your Honor, the -- the AUSA spent a lot of time

19  figuring out how to come to this number.  I think both the

20  AUSA and the defense understand that Ms. Diaz is -- I mean,

21  this is a very large amount of money, that Ms. Diaz will

22  have a large time -- a long time to pay, but also have a

23  very difficult time paying.  But we agree that the loss,

24  whether it be to the Government or the loss to the

25  university is in that amount.

INV_00001840

8

1    THE COURT:  And the joint and several would be

2  with her codefendants?

3    MR. RATHOD:  If they were found guilty at trial.

4    THE COURT:  I mean, that -- that's the

5  anticipation of where it will end up.

6    MR. RATHOD:  That would be my understanding,

7  correct.

8    THE COURT:  Okay.  Does the defendant agree to the

9  restitution amount?

10    MR. RATHOD:  Yes, Your Honor.

11    THE COURT:  Great.  I'm glad to hear that.  I just

12  had a meeting with Mr. Troyer, our new acting U.S. Attorney

13  and one of the things he asked me is what can we -- my

14  assistants do to help make your job easier now that there's

15  only six active Article IIIs in this Court now dealing with

16  all of our criminal cases.

17    And I said one of the things that would help me

18  the most is in these economic crimes, that the parties make

19  and use their best efforts to agree on amounts of loss and

20  amounts of restitution because, otherwise, it's -- it takes

21  a tremendous amount of time both on the parties' part in

22  terms of if we need any evidentiary testimony at the

23  sentencing hearing, and then for me back in chambers trying

24  to figure out which of these numbers are right.  So I

25  appreciate that the parties have seen fit to find agreement

INV_00001841

1    on this.

2            MR. RATHOD:   I'll tell the Court, I think if the

3    other cases proceed to sentencing -- or trial and then

4    eventually if they do go to sentencing, I think that

5    hearing would be in length and width of the actual jury

6    trial.

7            THE COURT:   Right.   Right.   I understand.   But for

8    purposes of the sentencing of your client, we have --

9            MR. RATHOD:   We have agreed.

10           THE COURT:   -- agreement.   Great.   Thank you.

11   Anything else, Mr. Rathod?

12           MR. RATHOD:   No, Your Honor.

13           THE COURT:   All right.   Ms. Paluch, do you have

14   anything to add to counsel's summary of the plea agreement?

15           MS. PALUCH:   I do, Your Honor.   In this exchange

16   for the defendant's agreement to plead guilty to Count 1,

17   the Government has agreed to move at the time of sentencing

18   to dismiss the remaining two counts, Counts 20 and 21,

19   against this defendant.   And also as set forth in the plea

20   agreement, we have agreed that provided she does nothing

21   inconsistent with accepting responsibility, at that point

22   we would agree that she would receive the maximum credit

23   for acceptance of responsibility.

24           MR. RATHOD:   Right.

25           THE COURT:   Great.   Thank you.   All right.

1          Ms. Diaz, have you read Court Exhibits 1 and 2?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you discussed these documents

4    with your attorney?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Has your attorney answered your

7    questions regarding Exhibits 1 and 2?

8          THE DEFENDANT:  Yes.

9          THE COURT:  When you signed Exhibits 1 and 2, did

10   you do so voluntarily?

11         THE DEFENDANT:  Yes.

12         THE COURT:  All right, ma'am, if you would please

13   turn to Exhibit 1, your plea agreement.  And you told me

14   you've already reviewed it so hopefully this won't take too

15   long, but if you can turn to page 5, the middle of the page

16   5 that begins, Your stipulated facts, it concludes at the

17   top of page 7, if you could review those stipulated facts

18   to yourself and let me know when you've done doing so.

19         THE DEFENDANT:  Okay.

20         THE COURT:  All right, Ms. Diaz, the facts that

21   you've just reviewed are the facts the Government believes

22   it could prove at trial.  By entering into this plea

23   agreement, you're admitting these facts and I will treat

24   them as true for purposes of considering your plea and for

25   purposes of sentencing.  So do you agree that the facts

1    you've just reviewed at pages 5 through 7 of the plea

2    agreement are true?

3             THE DEFENDANT:  Yes.

4             THE COURT:  Is there any inaccuracy in these facts

5    you'd like to correct at this time?

6             THE DEFENDANT:  No.

7             THE COURT:  All right.  In your own words, I need

8    you to tell me what you did with respect to the count

9    you're pleading guilty to.  And you can, for reference,

10   look at the elements of the offense beginning at the bottom

11   of page 3, but those are the legal terms from the statute.

12   I'd like you to put it in your own words so I know that you

13   understand what you're pleading guilty to.

14            THE DEFENDANT:  I submitted false FASFA

15   applications.

16            THE COURT:  False what?

17            THE DEFENDANT:  FASFA.

18            THE COURT:  Oh, I'm familiar with those.

19            THE DEFENDANT:  Yeah, I submitted false FASFA

20   applications to different colleges under fake -- well, not

21   fake names, but other people's identities and received mail

22   at my house for their higher 1 cards that had the money on

23   it.  You get so much per student loan.  And I received the

24   mail, activated the cards, and used the money.

25            THE COURT:  All right.  And you did so -- and in

INV_00001844

12

1    doing so, you -- you worked with at least one other person

2    in a knowing conspiracy to accomplish this -- these

3    fraudulent applications on these FASFA forms; is that

4    correct?  You didn't do it by yourself, in other words.

5              THE DEFENDANT:  I did my parts all by myself.  I

6    mean, I don't -- I -- I don't know.  I don't know.

7              MR. RATHOD:  If we could have one brief moment,

8    Your Honor.

9              THE COURT:  Yeah.  Take the time you need.

10             THE DEFENDANT:  Okay.  Okay.  I didn't do this by

11   myself.  I may have talked about it or whatever with other

12   people.

13             THE COURT:  All right.  And those would be your

14   codefendants?

15             MR. RATHOD:  Your Honor, could we have just a

16   brief pass for a moment and if I could confer with the AUSA

17   for just one second.

18             THE COURT:  Sure.

19             MR. RATHOD:  Thank you.

20        (Pause)

21             MR. RATHOD:  Your Honor, we can continue.

22             THE COURT:  All right.  Go ahead, ma'am.

23             THE DEFENDANT:  Okay.  Yes, I may have spoken with

24   my codefendants about this.

25             THE COURT:  With whom?

13

1         THE DEFENDANT:  With my codefendants.

2         THE COURT:  Okay.  And --

3         MS. PALUCH:  Your Honor, I'm not sure that

4  speaking to her codefendants is sufficient.  What she's

5  agreed to in the plea agreement is she's aware of what her

6  codefendants did and she conspired with them.

7         THE COURT:  Right.  There's a conspiracy and a

8  interdependence -- there's -- I mean, do you understand

9  you're pleading guilty to a conspiracy count?  Not just a

10  straight-up violation of a statute, but one that includes a

11  conspiracy component?

12         THE DEFENDANT:  Okay.  Yes.

13         THE COURT:  All right.  So what did you do with

14  the -- with your --

15         THE DEFENDANT:  I conspired with my codefendants.

16         THE COURT:  Okay.  And you knowingly and

17  voluntarily participated in this conspiracy?

18         THE DEFENDANT:  Yeah.

19         THE COURT:  And you did so with the

20  interdependence amongst you, meaning that you acted in some

21  way together, for your shared mutual benefit?

22         THE DEFENDANT:  Yes.

23         THE COURT:  All right.  Counsel, for the factual

24  basis, may the Court rely on the stipulated facts in the

25  plea agreement?

1          MR. RATHOD:  Yes, Your Honor.

2          MS. PALUCH:  Yes, Your Honor.

3          THE COURT:  All right.  Thank you, counsel.  Ms.

4   Diaz, you have the following constitutional rights I'm

5   advising you will be pleading -- you will be giving up,

6   rather, if you plead guilty.  You have the right to plead

7   not guilty to any offense charged against you.  You have

8   the right to a speedy and public trial.  You have the --

9   can you look at me, ma'am.

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  You have the right to a trial by jury

12   of 12 persons whose verdict must be unanimous.  At trial,

13   you'd have the -- you would be presumed innocent and the

14   Government would have to prove your guilt beyond a

15   reasonable doubt.  You have the right to the assistance of

16   legal counsel for your defense throughout these proceedings

17   even if you do not enter a plea of guilty.  You have the

18   right with your lawyer to confront and cross-examine all

19   witnesses at trial and to challenge all evidence presented

20   against you.

21          At trial, you have the right to have witnesses

22   subpoenaed and compelled to come into court to testify on

23   your behalf.  At trial, you would have the right to

24   testify, yourself, on your own behalf, but you also have

25   the privilege against self-incrimination.  That means you

15

```
 1    have the right not to testify or incriminate yourself in
 2    any way.
 3              By pleading guilty, you're giving up that right
 4    and you are incriminating yourself.  If you went to trial
 5    and were convicted, you would have the right to appeal both
 6    your conviction and your sentence.  Now, do you understand
 7    these rights?
 8              THE DEFENDANT:  Yes, sir.
 9              THE COURT:  Do you understand that if your plea is
10    accepted, you will be incriminating yourself, you will be
11    giving up your right to a jury trial and most of the other
12    rights I've just described?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  You give up those rights?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  All right.  Mr. Rathod, will you
17    please state for the record the scope of your client's
18    limited waiver of her appeal and collateral challenge
19    rights.
20              MR. RATHOD:  Yes, Your Honor.  Ms. Diaz, as part
21    of this plea agreement, has agreed to an appeal waiver.
22    The appeal waiver agrees Ms. Diaz will not appeal her
23    sentence except for in six circumstances.  Those are:  If
24    the sentence exceeds the maximum penalty provided by the
25    statute of conviction; the sentence exceeds the advisory
```

16

```
 1    guideline range that applies to a total offense level of
 2    12; the Government appeals the sentence imposed; that the
 3    defendant should receive -- if there is a retroactive
 4    change, she should receive the benefit of that; that she
 5    was deprived of effective assistant of counsel; or the
 6    defendant was prejudiced by prosecutorial misconduct.
 7           THE COURT:  All right.  Ms. Diaz, do you
 8    understand and do you agree to the limitations contained in
 9    your plea agreement on your right to appeal the sentence I
10    will impose in this case or the manner in which I'll
11    determine it?
12           THE DEFENDANT:  Yes, sir.
13           THE COURT:  Do you understand and do you agree to
14    the limitations contained in your plea agreement on your
15    right to appeal or challenge this prosecution or your
16    conviction?
17           THE DEFENDANT:  Yes.
18           THE COURT:  All right, Ms. Paluch, will you please
19    inform the defendant of the charge to which she will be
20    pleading guilty.  Please state the elements of the charge,
21    the maximum sentence, and the maximum fine.
22           MS. PALUCH:  Yes, Your Honor.  Pursuant to the
23    plea agreement, the defendant has agreed to plead guilty to
24    Count 1, which charges a conspiracy to defraud the
25    Government with respect to claims, pursuant to Title 18
```

1   United States Code Section 286.

2          The elements of this offense are as follows:

3   First, the defendant agreed with at least one other person

4   to obtain or aid in obtaining the payment or allowance of

5   any false, fictitious or fraudulent claim; second, the

6   defendant knew the essential objective of the conspiracy;

7   third, the defendant knowingly and voluntarily participated

8   in the conspiracy; and, fourth, there was interdependence

9   among the members of the conspiracy, that is, the members

10  in some way or manner intended to act together for their

11  shared mutual benefit within the scope of the conspiracy

12  charged.

13         The statutory penalties for this offense are as

14  follows:  Not more than 10 years of imprisonment; a fine of

15  not more than $250,000, or both; not more than three years

16  of supervised release; and a $100 special assessment fee.

17         If probation or supervised release are imposed, a

18  violation of any condition of probation or supervised

19  release may result in a separate prison sentence and

20  additional supervision.

21         THE COURT:  All right.  Thank you, counsel.

22         Ms. Diaz, do you understand the consequences of

23  your plea including the maximum sentence you may receive in

24  this case?

25         THE DEFENDANT:  Yes, sir.

18

1           THE COURT:  Do you understand that I can impose a

2    sentence that is more severe or less severe than that set

3    forth in your plea agreement?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Do you understand that even if you're

6    disappointed with the sentence that I do impose, that that

7    will not be a basis for you to withdraw your guilty plea?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Do you understand that if you are sent

10   to prison, when you are released from prison some of the

11   conditions of your release to which you may be subject

12   include that you may not commit any new federal, state or

13   local crime, and you may not possess any illegal

14   substances?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand that if you violate

17   any conditions of supervised release, you may be returned

18   to prison for all or part of the remaining term of

19   supervised release?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Are you presently on parole,

22   probation, or supervised release as the result of the

23   conviction of any other crime?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Okay.  And what is that?

19

1          THE DEFENDANT:  I'm on probation in Arizona right
2   now.
3          THE COURT:  All right.
4          THE DEFENDANT:  I just --
5          THE COURT:  Okay.  Well, that's totally unrelated,
6   of course, to what we are doing to this case, but I -- all
7   I need to do this morning in respect to that is to advise
8   you that your plea of guilty this morning may be considered
9   by the Arizona authorities as putting you in violation of
10  that parole.
11         THE DEFENDANT:  Well, they did tell me that since
12  this crime was prior to that, that this is -- I got --
13  yeah, that it was prior to -- this is prior to that.
14         THE COURT:  Okay.
15         THE DEFENDANT:  So this wouldn't -- they told me
16  that it wouldn't affect -- I wouldn't get a violation for
17  this.
18         THE COURT:  That's fine.  My purpose here, in part
19  in these hearings, is just to make sure the defendant knows
20  all of his or her rights and everything that may happen as
21  a result of their plea.  I'm just giving you that
22  advisement.  All right?
23         THE DEFENDANT:  Okay.
24         THE COURT:  All right.  Do you understand that
25  you're pleading guilty this morning to a felony offense?

INV_00001852

20

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that conviction of a

3     felony offense may deprive you of certain civil rights,

4     including the right to possess a firearm, the right to

5     vote, the right to hold public office, and the right to

6     serve on a jury?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand that in the federal

9     system, parole has been abolished and although you may earn

10    good time depending on your behavior, if you are sent to

11    prison, you will not be released on parole?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Has anyone threatened you or your

14    family in order to force you to plead guilty in this case?

15         THE DEFENDANT:  No.

16         THE COURT:  Are you satisfied with the

17    representation your attorney's provided to you?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Have you understood everything that

20    I've told you or asked of you today?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Having in mind all we have discussed

23    regarding your plea of guilty, the rights you will be

24    giving up, and the maximum sentence you may receive, do you

25    still wish to plead guilty?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Other than re-arraigning the

3    defendant, do counsel agree the Court has complied with the

4    requirements of Rule 11?

5          MS. PALUCH:  I do, Your Honor.  Thank you.

6          MR. RATHOD:  Yes, Your Honor.

7          THE COURT:  Thank you, counsel.

8          The defendant's plea of not guilty as to Count 1

9    of the indictment and her denial of the criminal forfeiture

10   allegation are withdrawn.

11         Ms. Paluch, will you please re-arraign the

12   defendant.

13         MS. PALUCH:  Yes, Your Honor.

14         On February 8th of this year, an indictment was

15   returned in the United States District Court for the

16   District of Colorado in criminal case 16 cr 54-WJM.  This

17   indictment is encaptioned United States of America versus

18   Heather Carr, Trammel Thomas, and Mercedes Diaz.

19         Ma'am, are you Mercedes Diaz?

20         THE DEFENDANT:  Yes, ma'am.

21         MS. PALUCH:  Count 1 of that indictment charges a

22   violation of Title 18 United States Code Section 286,

23   conspiracy to defraud the Government with respect to

24   claims.  Ma'am, to that count, how do you plead?

25         THE DEFENDANT:  Guilty.

1          THE COURT:  Do you want to ask her about the

2     forfeiture allegation?

3          MS. PALUCH:  Yes.  Yes, sir.  This indictment also

4     contains provisions found at pages 10, 11, and 12, actually

5     on to page 13, alleging forfeiture for the proceeds of this

6     offense.  To that forfeiture allegation, do you agree with

7     that -- or admit to that forfeiture allegation?

8          THE DEFENDANT:  I --

9          THE COURT:  Does she admit or deny?

10          MS. PALUCH:  Do you admit or deny the forfeiture

11     allegation?

12          THE DEFENDANT:  Yes.  Admit.

13          THE COURT:  All right.  Thank you, counsel.

14          The Court makes the following findings of fact and

15     conclusions of law:

16          The United States of America -- in the matter of

17     the United States of America versus Mercedes Diaz, case No.

18     16 cr 54, defendant No. 3, the defendant's fully competent

19     of entering an informed plea and she's aware of the nature

20     of the charge and the consequences of that plea.  The

21     defendant has thoroughly discussed her plea agreement with

22     her attorney.  The defendant has been represented

23     throughout the course of this case by competent counsel

24     with whom she has no objection or complaint.  The defendant

25     has read and understands each term of her plea agreement

1   including her limited waiver of her appellate and

2   collateral challenge rights.

3        The defendant has knowingly and voluntarily signed

4   Court Exhibits 1 and 2.  The defendant has knowingly and

5   voluntarily entered a plea of guilty to Count 1 of the

6   indictment and has admitted the forfeiture allegation in

7   that indictment with a full understanding of the factual

8   basis and essential elements of the charge.

9        The defendant's guilty plea is not the result of

10  mistake or coercion.  The defendant's guilty plea is not

11  the result of any representations or promises made to her

12  by anyone except as to those matters disclosed in open

13  court or included in her plea agreement.

14       The defendant understands each of her legal rights

15  in this case.  The defendant understands that the Court is

16  not bound by the sentence set forth in the plea agreement

17  and that if the Court does not follow any such recommended

18  sentence, the defendant may not withdraw her guilty plea.

19       The defendant understands the maximum sentence of

20  imprisonment, the maximum fine, and terms of supervised

21  release the Court may impose under the terms of her plea

22  agreement, and the plea is supported by an independent

23  factual basis containing each of the essential elements of

24  the offense.

25       It is therefore ordered that Court Exhibits 1 and

1    2 are accepted and admitted; the plea as made in open court

2    today is accepted; and the defendant is adjudged guilty of

3    violating 18 United States Code Section 286, and she has

4    admitted the forfeiture allegation in the indictment.

5          Sentencing hearing is hereby set for January 18th,

6    2017, at 10:00 a.m.

7          Earlier at ECF 75, I ordered counsel to be

8    prepared to discuss the application of Section 3143.  Ms.

9    Paluch.

10         MS. PALUCH:  Yes, Your Honor.  The defendant has

11   appeared at all of her court appearances.  I would note for

12   the record that she is -- resides in Arizona and we have no

13   basis to seek revocation of her bond pending sentencing or

14   to allow her to remain on bond.

15         THE COURT:  All right.  Mr. Rathod, do you wish to

16   be heard on this?

17         MR. RATHOD:  Yes, Your Honor.  Ms. Diaz has been

18   in compliance with all the terms and conditions, as the

19   AUSA said.  But I'll let the Court know a couple of things

20   that she has done to show that she's not a flight risk.

21   When she was released on bond at this original case, she

22   turned herself in to finish a minor case out of Colorado

23   Springs.  She walked herself there -- or transported

24   herself there and turned herself in.

25         She's then participated in every step of the way

1   with probation.  She's currently receiving therapy for

2   mental health issues, and she also is currently taking her

3   medication, which is helping her proceed with this case and

4   proceed with her life.

5           She also has a job lined up, so when she returns

6   to Arizona, she is starting that new position, and so that

7   she cannot only take care of herself and not be a burden to

8   the state, but pay her probation supervision costs, but

9   also begin the slow process of making those restitution

10  payments that she knows will come with time.

11          I think if the Court has concern about Ms. Diaz's

12  criminal history in this matter, I think the Court should

13  be aware that at age of 12, Ms. Diaz was the victim of a

14  sexual assault by her stepfather and she was removed from

15  the home, and you can follow her criminal history and see

16  an exact correlation with that date.

17          There is nothing prior to that date.  And then

18  upon the trauma and upon the removal, you then see her

19  begin as a juvenile at 12 -- and actually starting at 13 is

20  the first offense, you start to see these -- her

21  involvement in the justice system, which is not -- tragic,

22  but not surprising in a sense.  So I think we can follow

23  that throughout the whole thing.

24          I think the Court may have some concern about

25  whether Ms. Diaz has accepted responsibility and her

1    hesitation to talk about conspiracy and things like that.

2    That's, in this case should be -- is understandable because

3    Ms. Diaz -- she has taken full responsibility for her

4    actions in this case, but when she was removed from her

5    home, she was placed -- she ended up in the care of a

6    codefendant in this case and that is -- that is her

7    concern.  And so it's not a minimization of her

8    responsibility of her actions, and in fact I think if the

9    Court listened carefully to what Ms. Diaz said and compared

10   it to what is in, actually, the factual basis, Ms. Diaz

11   actually admitted to even more conduct, taking full

12   responsibility.

13          Ms. Diaz and I had long conversations about what

14   her conduct was and how that affected other people and she

15   is -- she understands that and we'll talk more at

16   sentencing about it, but I didn't want the Court to believe

17   that Ms. Diaz in any sense wasn't accepting full

18   responsibility, because she truly is in this matter.

19          THE COURT:  All right.  Well, thank you for that

20   clarification and amplification.

21          Is there something you wish to say, Ms. Diaz?

22          THE DEFENDANT:  I just don't want them to be

23   looked at that as guilty before they got their chance at

24   trial.  I just -- you know, I mean, I'm taking

25   responsibility.  I didn't want, you know, them to be

INV_00001859

1    automatically, you know, be found guilty because of what I

2    was saying.  You know what I mean?

3         THE COURT:  Well, I know your lawyer will counsel

4    you and discuss those matters with you further.  I'll just

5    say this:  Whether they're found innocent or guilty or they

6    plead guilty, that's really independent of you.

7         I review change -- change of pleas, notice of

8    dispositions and sentencings individually, one person at a

9    time.  All right?  So you're not going to be -- your

10   sentence, the one that I impose, will not be increased or

11   decreased depending on what someone else did.  I look at

12   you and your history and your background.

13        And I think in the beginning, turning to the point

14   of acceptance, or -- at this hearing of what you had done,

15   Mr. Rathod, at the beginning I think I and Ms. Paluch were

16   a little concerned, but I think at the end I want the

17   record to reflect that I am satisfied she has accepted

18   responsibility for what she did in so far as Count 1 is

19   concerned.

20        So going beyond that to 3143, I have reviewed the

21   pretrial service and release status reports from the

22   probation office, and I find by clear and convincing

23   evidence that the defendant's conditions of release

24   reasonably assure that she will not flee nor does she pose

25   a danger to the safety of the community.  I will,

INV_00001860

28

```
1    therefore, permit the defendant to remain free on bond
2    subject to the same conditions of release set forth in the
3    magistrate judge's order setting conditions of release.
4           Very well.  Is there anything further from the
5    Government at this time?
6           MS. PALUCH:  No, Your Honor.  Thank you.
7           THE COURT:  Anything further from the defendant?
8           MR. RATHOD:  No, Your Honor.  Thank you.
9           THE COURT:  All right.  Thank you.  That will be
10   all.
11          (Proceedings concluded at 10:34 a.m.)
12
13                *      *      *      *      *
14                      REPORTER'S CERTIFICATE
15        I certify that the foregoing is a correct transcript
16   from the record of proceedings in the above-entitled
17   matter.
18        Dated at Denver, Colorado, this 2d day of November,
19   2016.
20
21
22
23
24                 MARY J. GEORGE, FCRR, CRR, RMR
25
```

INV_00001861